Thomas L. SOUDER, Appellant,

v.

Walter N. TOBRINER et al., Appellees.

No. 17086.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 16, 1963.

Decided Feb. 7, 1963.

Mr. Bernard Margolius, Washington, D. C., with whom Messrs. Carleton U. Edwards, II, and Ralph H. Deckelbaum, Washington, D. C., were on the brief, for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for the District of Columbia, for appellees. Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, were on the brief, for appellees.

Before BAZELON, Chief Judge, and BASTIAN and WRIGHT, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from an order of the District Court granting summary judg-

---

ment in favor of the appellees, the Commissioners of the District of Columbia, and dismissing appellant's complaint and denying his motion for summary judgment.

Appellant, a long-time member of the Metropolitan Police Department, was recommended, in 1961, for disability retirement by the Board of Police and Firemen's Retirement Board. His case had been referred by Dr. Reed, then Chief of the Board of Surgeons, for examination by Dr. Hyman Shapiro, a neuro-psychiatrist and a member of the Board of Police and Fire Surgeons. Dr. Shapiro reported, among other things, as follows:

"Lt. Souder has been under my observation and care since January 5, 1961. My diagnosis is that of a marked, mixed type of neurosis with anxiety and depressive features and multiple psychogenic complaints following a severe attack of Bulbar Polio in 1950. (For details of my findings, observations, and results of treatment, reference is made to my attached report of observation from January 5, 1961 to February 22, 1961.)

"It is my opinion that further treatment will not overcome his chronic severe disablements. As a result of these he is unable to perform his duties. It is further my opinion that his disability is the direct result of the performance of Police duties and has disabled him 100%. I, therefore recommend that he appear before the Retirement and Relief Board for consideration of retirement."

By a vote of three to two, the Retirement Board made the following finding:

"We, as members of the Police and Firemen's Retirement and Relief Board, concur in recommending the retirement (disability not incurred in the performance of duty) of Thomas L. Souder, a Lieutenant in the Metropolitan Police Department, effective from and after April 30, 1961."

Souder's retirement was ordered as of April 30, 1961.

Appellant duly appealed to the Board of Commissioners, who voted to sustain the action of the Retirement Board. Thereupon, the present action was instituted, seeking mandatory injunction to compel the Commissioners, among other things, to order appellant retired for disability incurred in the line of duty.[1]

At the hearing before the Retirement Board, there was testimony that appellant had sustained no injury or disease to hospitalize him as a result of occurrences while off duty. It appears, however, that among other injuries sustained while on duty, he contracted polio, for which he had received medical care and treatment at the expense of the District of Columbia.

Dr. Shapiro stated that appellant's duties as a lieutenant were a factor in his neurosis. He further testified:

"[Appellant's attorney]: And do you consider that disability to be connected with the performance of police duty, the result of the performance of police duty?

"Dr. Shapiro: Well, as I have indicated, these perfectionistic things and the actual fear that was engendered in him when he was engaged in these physical efforts and felt, not only his own effect on himself in protecting himself, but also in others. And also, I am sure he also felt what would the men in his precinct feel as a lieutenant if he was not able to perform the duty.

---

[1]. In case of retirement for disability not incurred in line of duty, the retirement pay is at the rate of 2% of the officer's basic salary at time of retirement for each year of his service, with a minimum of 40%, which amount is subject to federal and state income taxes; for disability incurred in line of duty, the retired officer receives an annuity of not less than 66⅔% of his basic salary at time of retirement, tax free. (Title 4, § 526 D.C. Code (1961); and Title 4, § 527.)

"[Appellant's attorney]: Then your answer to that, in your opinion it would be the result of the performance of duty?

"Dr. Shapiro: That's correct."

There being no contrary evidence, the record considered as a whole gives no basis for, nor does it warrant, the determination of the Commissioners that the disability was not incurred in the line of duty. To the contrary, the record is abundantly clear that the disability was incurred in the line of duty. It follows, therefore, that the motion for summary judgment on behalf of appellant should have been granted, and that of appellees denied.

The case will be remanded to the District Court with direction to enter judgment in favor of appellant.

So ordered.